UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:03-CR-67-DCR-REW |
| | ) | No. 6:16-CV-25-DCR-REW |
| v. | ) | |
| | ) | |
| ROY DEAN WOODS, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Movant, Roy Woods, is a federal inmate. DE #171 (Motion). On February 4, 2016,[1] Woods filed a *pro se*[2] motion under 28 U.S.C. § 2255. *See generally id.* The Court has conducted an initial review of the filing. For the reasons stated below, the Court **RECOMMENDS** that the District Judge **TRANSFER** Woods's § 2255 motion (DE #171) to the Sixth Circuit pursuant to 28 U.S.C. § 1631. The motion is second or successive, and Woods has not yet secured Sixth Circuit authorization to file.

## I.   BACKGROUND INFORMATION

On October 7, 2003, the United States, via ATF Special Agent Larry Brock, filed a criminal Complaint and affidavit, charging Woods with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). DE #1 (Complaint). A federal grand jury

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*). Here, Woods dated the motion February 4, 2016, DE #171, at 1, and the Clerk received it on February 5, 2016.

[2] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

subsequently indicted Woods on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and (e)(1), and one count of willfully receiving a firearm and ammunition while under indictment for a felony, in violation of § 922(n). DE #10 (Indictment). Woods went to trial, and the jury found him guilty. DE #53 (Jury Verdict). Judge Reeves sentenced Woods on August 2, 2004. DE #89 (Sentencing Minute Entry). Movant received a total 365-month prison term (as relevant, on the § 922(g) count) followed by 5 years of supervised release. DE #92 (Judgment). Woods appealed, the Sixth Circuit affirmed, and the Supreme Court denied certiorari. DE ##111, 130. Woods filed a tardy § 2255 motion, and the Court equitably tolled the limitation period. DE #147 (Order). After full briefing and a recommended disposition, Judge Reeves denied the § 2255 motion. DE #161 (Memo. Opinion & Order). The District Court, and later the Sixth Circuit, denied a Certificate of Appealability. DE ##164, 165. The Supreme Court again denied certiorari. DE #167.

Woods now files a second § 2255 motion, purportedly premised on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which generally held enhancing a sentence based on application of the Armed Career Criminal Act's (ACCA[3]) residual clause unconstitutional. Because Woods has not obtained authorization from the Sixth Circuit to file a second or successive § 2255 petition, the Court recommends transfer.

**II.    ANALYSIS**

In the § 2255 motion, Woods requests relief generally based on the proposition that he no longer qualifies for the ACCA sentencing enhancement after *Johnson*. A prisoner may properly make a *Johnson* claim retroactively in a § 2255 filing. *See In re Watkins*, ___ F.3d ___, No. 15-5038, 2015 WL 9241176 (6th Cir. Dec. 17, 2015). The

---

[3] 18 U.S.C. § 924(e)(1) and its definitions.

Court of Appeals determined that "*Johnson* announced a new rule of constitutional law[,]" *id.* at \*3, that is "categorically retroactive to cases on collateral review." *Id.* at \*6. The *Watkins* Court thus authorized the filing of a second or successive *Johnson*-based § 2255 petition.

Here, first, the Court perceives no motion untimeliness. Section 2255's 1-year limitation period runs from, as applicable, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). The Sixth Circuit determined that *Johnson* meets these requirements and authorized the filing of a second or successive petition. *Watkins*, 2015 WL 9241176, at \*7, *In re Boyett*, ___ F. App'x ___, No. 15-5824, 2016 WL 75601, at \*1 (6th Cir. Jan. 7, 2016). The Supreme Court decided *Johnson* on June 26, 2015, so Woods's motion, filed in February 2016, is well within the applicable 1-year limitation period.

"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A).

This is unquestionably a second or successive § 2255 petition. *Burton v. Stewart*, 127 S. Ct. 793 (2007) (*per curiam*); *Boyett*, 2016 WL 75601, at \*1.[4] Woods filed the first

---

[4] Of course, not all numerically second habeas petitions are "second or successive." *Magwood v. Patterson*, 130 S. Ct. 2788, 2796 (2010). The Sixth Circuit has treated filing

in July 2008. DE #135 (§ 2255 Motion). After briefing on the issue of equitable tolling, the Court permitted full motion consideration. DE #147 (Order). The parties briefed the issues Woods raised, including a challenge to the ACCA enhancement's applicability. DE ##151 (Response), 156 (Reply). Judge Ingram issued a thorough recommended disposition. DE #158. Woods objected. DE #159. The District Court adopted the recommendation, overruled Woods's objections, and denied the § 2255 motion. DE #161. Judge Reeves and the Sixth Circuit denied a Certificate of Appealability. DE ##164, 165. The Supreme Court denied certiorari. DE #167. Woods's first § 2255 petition was thus exhaustively considered and rejected on the merits.

Woods now presents a second § 2255 motion. Woods has not, however, received the requisite authorization for a second § 2255 motion from the Sixth Circuit.[5] *See* § 2255(h); *see also* § 2244(b)(3). The Court thus recommends that the District Court transfer the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when . . . a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

_____

a second § 2255 petition based on *Johnson* as requiring Circuit authorization. *Boyett*, 2016 WL 75601, at *1. Nothing in the record indicates that Woods's claim, the second to attack the underlying judgment, goes outside the cases' interpretation of "second or successive." *See, e.g.*, *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) (summarizing the Supreme Court case law and finding that a numerically second petition was not "second or successive" because the claim was "unripe" when movant filed the initial petition, meaning that "the events giving rise to the claim had not yet occurred"). That is not the case here—Woods merely (nominally) seeks application of new case law; he did not base the second petition on newly developed facts. *See, e.g.*, *United States v. Moreno*, Nos. H-03-235, H-15-3237, 2016 WL 454606, at *3 (S.D. Tex. Feb. 5, 2016) (recommending transfer of numerically second *Johnson*-based petition to the Fifth Circuit for authorization to file).

[5] The docket reflects, and Woods asserts, no such authorization. Further, the Court searched the Sixth Circuit's online docket and found no Woods authorization grant.

The Court also comments on the motion's likely merit, as may be relevant to the authorization decision. *See, e.g.*, *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) (evaluating merit as part of authorization analysis and applying the prima facie showing standard). Woods challenges his two Kentucky burglary 3rd convictions as ACCA predicates post-*Johnson*. DE #171. The record indicates that Woods indisputably has two qualifying convictions (both for Kentucky burglary 2nd), and the District Court previously found, in adjudicating Woods's first § 2255 motion, that Woods's 1996 burglary 3rd conviction qualifies as a generic burglary under § 924(e)(2)(B)(ii) and the related Supreme Court cases. DE #161, at 11 ("Woods pled guilty to entering a building with the intent to commit a crime. Thus, he pled guilty to each of the essential elements of a burglary, as defined by *Taylor*."); *id.* ("Therefore, the 1996 conviction, together with Woods' two second-degree burglary convictions, was sufficient to support the ACCA enhancement.").[6] The Sixth Circuit denied a COA on the same grounds. DE #165, at 3 ("Woods has the requisite number of predicate ACCA offenses, *i.e.*, the two 2001 second-degree burglary convictions and the 1996 third-degree burglary conviction."). Judge Reeves simply did not rest sentencing on the residual clause at issue in *Johnson*, making *Johnson* irrelevant to Woods's sentence.

Because Woods has three convictions that qualified as violent felonies under ACCA without application of the residual clause, he does not here truly present a *Johnson* claim. A motion staked on *Johnson* is ill-founded, in this context, because Judge

---

[6] To the extent Woods argues that "Kentucky's third degree burglary statute . . . is not divisible even though it appears to be," DE #171, at 18, he is mistaken. *United States v. Brumback*, 614 F. App'x 288, 292 (6th Cir. 2015) ("Kentucky's third-degree burglary statute is divisible."). "Because the statute is divisible, [the Court] employ[s] the modified categorical approach to determine if the offense qualifies as a violent felony under the ACCA." *Id.* The District Court previously employed an endorsed analysis of *Shepard*-approved documents. DE #161, at 10-11.

Reeves did not employ the residual clause in assessing any of Woods's three predicates; *Johnson* thus would not modify or affect the sentencing analysis as to Woods. The nominal *Johnson* claims here merely seek to impermissibly revisit a non-residual clause decision by the District Court. Thus, the motion presents no real *Johnson* claim.

## III.    RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Judge **TRANSFER** Woods's § 2255 motion (DE #171) to the Sixth Circuit pursuant to 28 U.S.C. § 1631. The motion is second or successive, and Woods did not secure Sixth Circuit authorization to file.

*   *   *   *   *

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466, 475 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 10th day of February, 2016.

6

Signed By:

**Robert E. Wier**

**United States Magistrate Judge**