UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 03-67-DCR |
| | ) | and |
| V. | ) | Civil Action No. 6: 16-25-DCR-REW |
| | ) | |
| ROY DEAN WOODS, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant/Petitioner. | ) | **AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant/Movant Roy Dean Woods is currently serving a 365-month term of imprisonment following his conviction for being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and (e)(1). [Record No. 92] Woods challenged his conviction on appeal but was unsuccessful. [Record Nos. 111, and 130] Thereafter, Woods collaterally challenged his conviction through the filing of a late motion under 28 U.S.C. § 2255. [Record No. 135] Although untimely, the Court considered the merits of Woods' motion, but ultimately denied the relief sought. [Record No. 161] Again, Woods appealed that determination, but again, Woods was unsuccessful. [Record Nos. 162, 165, and 167]

On February 5, 2016, Woods filed a second motion seeking to vacate his conviction under 28 U.S.C. §2255. [Record No. 171] Thereafter, United States Magistrate Judge Robert E. Wier issued a Recommended Disposition in which he recommended that Woods' second § 2255 motion be referred to the United States Court of Appeals for the Sixth Circuit pursuant to 28

U.S.C. § 1631. [Record No. 173] Woods filed objections to the Magistrate Judge's Recommended Disposition on February 29, 2016. [Record no. 174] The matter is currently pending for consideration of the Magistrate Judge's report and Woods' objections. Having again considered the record of this proceeding, the Court will adopt Magistrate Judge Wier's Recommended Disposition in full and overrule Woods' objections to that report.[1]

**I.**

In his current motion, Woods asserts that his original sentence was wrongfully enhanced under the Armed Career Criminal Act ("ACCA"). As a result of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he contends that he no longer qualifies for the ACCA enhancement. After noting that Woods has not followed the statutory requirements for filing a second § 2255 motion with this Court, Magistrate Judge Wier also explains why the merits of the defendant's current request is without merit.

Simply put, the holding in *Johnson* is inapplicable here because Woods was not sentenced under the residual clause of the ACCA. Repeating the Magistrate Judge's explanation:

> The Court also comments on the motion's likely merit, as may be relevant to the authorization decision. *See, e.g., In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) (evaluating merit as part of authorization analysis and applying the prima facie showing standard). Woods challenges his two Kentucky burglary 3rd convictions as ACCA predicates post-*Johnson*. DE # 171. The record indicates that Woods indisputably has two qualifying convictions (both for Kentucky burglary 2nd), and the District Court previously found, in adjudicating Woods's first § 2255 motion, that Woods's 1996 burglary 3rd conviction qualifies as a generic burglary under § 924(e)(2)(B)(ii) and the related Supreme Court cases. DE # 161, at 11 ("Woods pled guilty to entering a building with the intent to commit a crime. Thus, he pled guilty to the essential elements of a burglary, as

---

[1] The Court makes a *de novo* determination on those portions of the magistrate judge's recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(c).

> defined by *Taylor*."); *id.* ("Therefore, the 1996 conviction, together with Woods' two second-degree burglary convictions, was sufficient to support the ACCA enhancement.") [fn6]
>
> [fn6] To the extent Woods argues that "Kentucky's third degree burglary statute . . . is not divisible even though it appears to be," DE # 171, at 18, he is mistaken. *United States v. Brumback*, 614 F. App'x 288, 292 (6th Cir. 2015) ("Kentucky's third-degree burglary statute is divisible."). "Because the statute is divisible, [the Court] employ[s] the modified categorical approach to determine if the offense qualifies as a violent felony under the ACCA." *Id.* The District Court previously employed an endorsed analysis of *Shepard*-approved documents. DE # 161, at 10-11.
>
> The Sixth Circuit denied a COA on the same grounds. DE # 165, at 3 ("Woods has the requisite number of predicate ACCA offenses, *i.e.*, the two 2001 second-degree burglary convictions and the 1996 third-degree burglary conviction."). Judge Reeves simply did not rest sentencing on the residual clause at issue in *Johnson*, making *Johnson* irrelevant to Woods's sentence.
>
> Because Woods has three convictions that qualified as violent felonies under [the] ACCA without application of the residual clause, he does not here truly present a *Johnson* claim. A motion staked on *Johnson* is ill-founded, in this context, because Judge Reeves did not employ the residual clause in assessing any of Woods's three predicates; *Johnson* thus would not modify or affect the sentencing analysis as to Woods. The nominal *Johnson* claims here merely seek to impermissibly revisit a non-residual clause decision by the District Court. Thus, the motion presents no real *Johnson* claim.

[Record No. 173, pp. 5-6]

Through his objections, Woods challenges this Court earlier determination (for a second time) that his earlier 1996 burglary conviction did not fit the definition of burglary under *Taylor v. United States*, 495 U.S. 575 (1990).[2] But this Court, the Sixth Circuit, and the Supreme

---

[2] Woods is essentially arguing that, although he was not sentenced under the residual clause of the ACCA, he should have been because he believes other sections of the ACCA were inapplicable. Woods challenged the Court's determination on direct appeal and through his first § 2255 motion. However, Woods apparently believes that the Supreme Court's decision in *Johnson* provides leverage to again argue that, while he was not sentenced under the residual clause, that section of the ACCA should have been applied (albeit wrongfully). To Woods and many other incarcerated

Court have either rejected this argument or have declined to review it. As a result, Woods' primary argument is foreclosed from further review by this Court. However, Woods does not object the Magistrate Judge's recommendation that this matter must be transferred to the Sixth Circuit for authorization to file a second or successive § 2255 motion. Accordingly, it is hereby

**ORDERED** as follows:

1. The magistrate judge's Recommended Disposition [Record No. 173] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Roy Dean Woods' objections to the Recommended Disposition [Record No. 174] are **OVERRULED**.

3. Defendant Roy Dean Woods' Petition Under 28 U.S.C. § 2255(f)(3) [Record No. 171] is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive § 2255 motion pursuant to 28 U.S.C. § 1631 and Rule 9 of the Rules Governing 2255 Proceedings for the United States District Courts.

4. To the extent that Defendant Roy Dean Woods seeks additional relief from this Court under 28 U.S.C. § 2255, that request is **DENIED** in accordance with 28 U.S.C. § 2244(a).

---

individuals, simply proclaiming "*Johnson*" is similar to Ali Baba uttering "Open Sesame!" The mere mention of the word opens caves filled with treasures beyond description.

This 1st day of March, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge